FILED
United States Court of Appeals
Tenth Circuit

May 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROOSEVELT BROCKS,

Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF SEDGWICK
COUNTY, KANSAS; SEDGWICK
COUNTY, KANSAS, SHERIFF, their
agents, employees, successors,
executors, administrators, and
servants, and all other persons,

Defendants - Appellees.

No. 08-3340

(D. Kansas)

(D.C. No. 6:08-CV-01134-
WEB-DWB)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Roosevelt Brocks brought suit under 42 U.S.C. § 1983 against the Board of

County Commissioners of Sedgwick County, Kansas, and Gary Steed, the Sheriff

of Sedgwick County. He alleged that during his three-and-a-half-month

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

incarceration at the Sedgwick County Adult Detention Facility, his Eighth Amendment rights were violated by deliberate indifference to his serious medical needs. Construing Mr. Brocks's pro se complaint liberally, *see Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008), the United States District Court for the District of Kansas treated it as suing Sheriff Steed in both his official and individual capacities. The court dismissed the suit for failure to state a claim against any defendant. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

According to Mr. Brocks's complaint, before his incarceration he was being intensively treated for a kidney condition. His treatment during his incarceration, however, was deficient in numerous respects, despite the knowledge of his condition possessed by the jail staff and the private-contractor medical provider for the facility. As a result, the day after his release he was admitted to a hospital because of kidney failure.

The district court concluded that Mr. Brocks's complaint failed to state a claim for one overarching reason: Instead of naming members of the jail staff or the private-contractor medical providers as defendants, he named the Board of County Commissioners and the sheriff. Even if his caregivers had violated his rights, his complaint failed to allege facts that would render the defendants liable. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (in reviewing a dismissal of a claim, courts are to examine "whether the complaint contains

enough facts to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

Under § 1983 neither the Board nor the sheriff (sued in his official capacity) is liable simply because an employee violated Mr. Brocks's constitutional rights. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (rejecting respondeat superior liability). Rather, they can be held liable only for establishing a "policy" or "custom" that was the "moving force" behind Mr. Brocks's injuries. *Id.* at 403–04 (internal quotation marks omitted). Moreover, a claim based on an alleged policy or custom of failing to act (such as a failure to train employees) can be successful only if the inaction resulted from "deliberate indifference" to the plaintiff's rights, as opposed to mere negligence. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). As the district court observed, however, "One cannot be deliberately indifferent without some knowledge of the alleged situation." *Brocks v. Bd. of County Comm'rs of Sedgwick County*, No. 08-1134-WEB, 2008 WL 5095997, at *4 (D. Kan. Nov. 26, 2008). For the reasons stated in the district court's cogent and thorough memorandum and order, we agree that the complaint fails to contain the allegations required for stating a claim against the Board or against the sheriff in his official capacity.

As for the individual-capacity claim against Sheriff Steed, it fails for similar reasons. In an individual-capacity suit, "§ 1983 does not recognize a

concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The complaint must allege that the supervisor was personally involved. *See id.* Again, we agree with the district court's persuasive analysis that the complaint fails to satisfy this requirement with respect to the claim against Sheriff Steed individually.

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge